**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE RUSSELL KAYER,

              Petitioner-Appellant,

v.

DAVID SHINN, Director, Director of the
Arizona Department of Corrections,

              Respondent-Appellee.

No. 09-99027

D.C. No. 2:07-cv-02120-DGC

MEMORANDUM[*]

On Remand from the United States Supreme Court

Before: W. FLETCHER, OWENS, and FRIEDLAND, Circuit Judges.

We previously granted Kayer habeas relief based on his claim of ineffective assistance of counsel during the penalty phase of his proceedings. *See Kayer v. Ryan*, 923 F.3d 692 (9th Cir. 2019). The Supreme Court granted certiorari and vacated our decision. *See Shinn v. Kayer*, 141 S. Ct. 517 (2020) (per curiam).

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Now on remand, we address the sole issue we declined to reach in our prior opinion. We affirm the district court's denial of Kayer's writ of habeas corpus.

In our prior opinion, we declined to reach Kayer's challenge to the sentencing judge's denial of a 90- or 180-day continuance of his mitigation hearing for additional mitigation investigation, as had been requested by Kayer's counsel. *See Kayer*, 923 F.3d at 725. Although the judge was initially prepared to grant a thirty-day continuance, he denied it following an extended colloquy during which Kayer repeatedly expressed his opposition to a continuance. Kayer did not feel that "mitigation [was] going to be a major factor in the [sentencing] decision." In response to the denial, Kayer's counsel attempted, but was not permitted, to withdraw on the basis that he was unable to "effectively put on [a] mitigation case," without the completed investigation. Both the judge and Kayer's counsel stated on the record that they believed Kayer understood the importance of the mitigation evidence and the consequences of opposing the continuance. With Kayer's consent, the judge delayed the mitigation hearing by two weeks in order to provide additional time for investigation without rescheduling the sentencing hearing. During that mitigation hearing, the mitigation specialist testified about the various avenues she intended to investigate if given additional time. The judge again provided Kayer an opportunity to request a continuance for further

2

mitigation investigation. Kayer remained opposed to a continuance, and none was granted.

On direct appeal, the Arizona Supreme Court concluded that Kayer was competent when he opposed the continuance, and that the sentencing judge did not err in deferring to Kayer's waiver of additional mitigation investigation. Before us, Kayer argues that the Arizona Supreme Court's rejection of this claim was based on an unreasonable determination of the facts or, alternatively, that the Court unreasonably applied federal law as clearly established by the United States Supreme Court in concluding that the sentencing judge's decision did not deprive Kayer of effective assistance of counsel. *See* 28 U.S.C. § 2254(d)(1)–(2). We disagree.

First, the Arizona Supreme Court's conclusion that Kayer was competent when he opposed the continuance was not an unreasonable determination of the facts within the meaning of § 2254(d)(2) because the record offers support for such a conclusion. Both the judge and Kayer's counsel believed Kayer understood the consequences of not permitting additional mitigation investigation. Kayer had multiple opportunities to support his counsel's request for a continuance, including shortly after the mitigation specialist's testimony that she needed more time to conduct an investigation, yet he declined to do so. Under AEDPA's deferential

3

review, we cannot say the Arizona Supreme Court's conclusion was objectively unreasonable. *See Pizzuto v. Yordy*, 947 F.3d 510, 523 (9th Cir. 2019) (per curiam).

Second, the Arizona Supreme Court's rejection of this claim was not contrary to, nor an unreasonable application of, federal law clearly established in a decision of the United States Supreme Court, as is required under § 2254(d)(1). Although Kayer directs us to Supreme Court opinions discussing the typical division of labor between attorneys and their clients, he has not identified any clearly established federal law prohibiting a sentencing judge, in the circumstances of this case, from acceding to a defendant's express wish to decline a continuance.

The district court's denial of the writ of habeas corpus is therefore affirmed.

**AFFIRMED.**